# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-181V
Filed: October 30, 2025

* * * * * * * * * * * * *
NICOLE GIRARDI,

      Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

      Respondent.

* * * * * * * * * * * * *

*Mark Sadaka, Esq.*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
*Rachelle Bishop, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON PROFFER[1]

**Roth**, Special Master:

On February 10, 2017, Angela and Joseph Girardi, as parents and guardians of their daughter Nicole, who was then a minor, filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] On April 25, 2017, the case caption was amended to reflect that Nicole Girardi had come of age and was now petitioner. ECF No. 15. Petitioner alleges that the HPV vaccine she received on March 20, 2014, caused her to suffer, or in the alternative aggravated, a hemorrhagic optic nerve in her right eye, a swollen optic nerve, severe headaches, a large blind spot, and eye pain and fatigue. ECF No. 101, Proffer, filed October 30, 2025, at 1.

On September 27, 2024, the Court issued its Ruling on Entitlement, finding that petitioner's HPV vaccination caused and/or triggered her optic neuritis. ECF No. 85. On October 30, 2025,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

respondent filed a proffer to which petitioner agreed, representing all elements of compensation to which petitioner is entitled.

Respondent agrees to issue the following payment:

> **A lump sum of $110,000 in the form of an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Nicole Girardi.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<b>s/ Mindy Michaels Roth</b><br>
Mindy Michaels Roth<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| NICOLE GIRARDI, ) | |
| ) | |
| Petitioner, ) | No. 17-181V   (ECF) |
| ) | Special Master Roth |
| v. ) | |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

### **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On February 10, 2017, Angela and Joseph Girardi, as parents and guardians of their daughter Nicole, who was then a minor, filed an amended petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that Nicole's receipt of a March 20, 2014 HPV vaccine caused her to suffer "a hemorrhagic optic nerve in the right eye, a swollen optic nerve, severe headaches, a large blind spot, eye pain and fatigue," or in the alternative that the HPV vaccine significantly aggravated the same conditions.[1] On October 20, 2017, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending against compensation. ECF No. 25. In the ensuing years, the parties filed expert reports and the Court held a March 7, 2022 entitlement hearing. ECF Nos. 28, 31-32, 41, 44-45, 72. On September 27, 2024, the Court issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 85. Respondent proposes the following proffer on award of compensation.

---

[1] The petition initially was filed on February 7, 2017, with Nicole incorrectly identified as the petitioner. On April 25, 2017, the case caption was amended to reflect that Nicole Girardi ("petitioner") had reached the age of majority.

I.  **Items of Compensation**

   A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $110,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.  **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the Court's decision and judgment award compensation as a lump sum payment of $110,000.00, to be paid through an ACH deposit to petitioner's counsel IOLTA account for prompt disbursement to petitioner.[2]

                                        Respectfully submitted,

                                        BRETT A. SHUMATE
                                        Assistant Attorney General

                                        C. SALVATORE D'ALESSIO
                                        Director
                                        Torts Branch, Civil Division

                                        HEATHER L. PEARLMAN
                                        Deputy Director
                                        Torts Branch, Civil Division

                                        VORIS E. JOHNSON, JR.
                                        Assistant Director
                                        Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses; future lost earnings; and future pain and suffering.

                    */s/ Rachelle P. Bishop*
                    RACHELLE P. BISHOP
                    Trial Attorney
                    Torts Branch, Civil Division
                    U.S. Department of Justice
                    P.O. Box 146
                    Benjamin Franklin Station
                    Washington, D.C.  20044-0146
                    (202) 616-3662
                    Rachelle.P.Bishop@usdoj.gov

DATED:  October 30, 2025