# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-181V
Filed: March 26, 2026

```
* * * * * * * * * * * * * *   *
NICOLE GIRARDI,                *
                               *
          Petitioner,          *
v.                             *
                               *
SECRETARY OF HEALTH            *
AND HUM. SERVICES,             *
                               *
          Respondent.          *
                               *
* * * * * * * * * * * * * *   *
```

*Mark T. Sadaka, Esq.,* Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
*Rachelle Bishop, Esq.,* US Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On February 10, 2017, Angela and Joseph Girardi filed the instant petition on behalf of their then minor daughter for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she developed, among other things, optic neuritis after receiving a Cervarix vaccine on March 20, 2014. Petition, ECF No. 1. On April 25, 2017, the Court granted the Girardis' motion to amend the case caption to reflect that Nicole Girardi ("petitioner") had reached the age of majority and would be proceeding under her own name. ECF No. 15. On September 27, 2024, a ruling on entitlement issued. ECF No. 85. A decision adopting respondent's proffer on damages issued on October 30, 2025. ECF No. 76.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On February 27, 2026, petitioner filed the instant motion for attorneys' fees and costs requesting a total of $92,902.98, representing $76,403.60 in attorneys' fees and $16,499.38 in costs. Motion for Fees, ECF No. 106. Respondent filed his response on March 9, 2026, advising he is satisfied the statutory requirements for an award of fees and costs are met. Response, ECF No. 107. Petitioner filed a reply on March 10, 2026. ECF No. 108.

After consideration, petitioner's motion is **GRANTED in part**.

## I.    Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 569 U.S. 369, 372-73 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.    Discussion

### A.  Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Hum.*

*Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cnty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates on behalf of the attorneys and staff who worked on this case:

| Name | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|---|
| Mark Sadaka | $422 | $444 | $458 | $482 | $532 | $562 | $625[4] |
| Paralegals | $163 | $172 | $177 | $186 | $197 | $212 | $229 |

These rates are consistent with what the attorneys and paralegals at the firm have previously been awarded and with the rates provided in the Fee Schedule. *See, e.g, Rose v. Sec'y of Health & Hum. Servs.*, No. 17-1770V, 2025 WL 3070443, *8 (Fed. Cl. Spec. Mstr. Oct. 8, 2025). Under the circumstances, I find that the requested rate of $229 per hour for work performed by paralegals in 2026 to be reasonable. Thus, the requested rates are reasonable.

### B. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Hum. Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Hum. Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of*

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at OSM Attorneys' Forum Hourly Rate Fee Schedules | Court of Federal Claims | United States. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] Though Mr. Sadaka has provided an hourly billing rate for his services for 2026, the records do not show that he personally billed for any time during 2026. Therefore, this decision makes no finding regarding the reasonableness of the $625 per hour rate Mr. Sakada requested as an attorney for 2026.

*Health & Hum. Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the billing records, the entries adequately describe the work performed, and the time billed corresponds with that work. No entries appear objectionable, nor did respondent raise any objection. Thus, the fees requested are awarded in full.

### C. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $16,499.38 in costs on behalf of counsel. Motion for Fees, ECF No. 106, Exhibit 2 at 20-21. This amount includes costs associated with acquiring medical records, the hearing transcript, postage, and administrative fees. *Id*. These costs are routinely awarded in vaccine cases and are supported by the receipts filed. They are thus awarded in full.

Petitioner also requests $15,675.00 in compensation for her expert, Dr. Steinman. Dr. Steinman wrote two expert reports and testified at hearing in this matter. Pet. Exs. 15 and 41. Dr. Steinman was previously awarded a total of $18,125.00 for his work drafting expert reports. *See Girardi v. Sec'y of Health & Hum. Servs.*, No. 17-181V, 2020 WL 7868229, at *6 (Fed. Cl. Spec. Mstr. Dec. 7, 2020). Dr. Steinman billed at a rate of $550 per hour for work he performed in 2022. As in the previous decision on fees and costs in this matter, I find that, given his extensive experience and work in the Program, the requested rate is reasonable. *See id*.; *Anderson v. Sec'y of Health & Hum. Servs.*, No. 14-879V, 2020 WL 3495950, at *2 (Fed. Cl. Spec. Mstr. May 22, 2020) (finding that "Dr. Steinman's expertise in the medical field and long-standing participation in the Vaccine Program" warranted a "modest" increase in his hourly rate from $500.00 to $550.00).

However, petitioner must provide sufficient documentation of the activities billed by her experts for the Court to determine whether the time spent was reasonable. "[I]t remains counsel's responsibility to submit proof sufficient to support the point in issue." *Saunders v. Sec'y of Health & Hum. Servs.*, 26 Cl. Ct. 1221, 1226 (1992), *aff'd*, 25 F.3d 1031 (Fed. Cir. 1994). Here, Dr. Steinman's billing record is jumbled and unclear. He engages in several instances of block billing, noting large chunks of time he spent "preparing for trial" or "review[ing] medical records." ECF No. 106 Ex. 2 at 7. The Court generally finds Dr. Steinman's time spent on this case to be reasonable under the circumstances. However, counsel is cautioned that future billing records for experts must be sufficiently detailed and clear for the Court to properly review them.

There is one issue that requires a reduction in costs awarded. Dr. Steinman's billing record states the following: "March 7 6AM to Noon Girardi trial 6.0 hours 7 hours total." While it is unclear what is meant here, the Court takes Dr. Steinman to mean that he spent six hours from

4

6:00 AM to 12:00 PM on March 7, 2022, at the entitlement hearing. However, Dr. Steinman billed for seven hours for his work on March 7, 2022. *See* ECF No. 106 Ex. 2 at 7. Because Dr. Steinman specifically documented the hours he spent at the hearing, without further documentation of the missing hour, a reduction of one hour, or $550.00, is warranted.

Petitioner is therefore awarded $15,949.38 in costs.[5]

### III.    Conclusion

Based on the foregoing, petitioner's Motion for Attorneys' Fees and Costs is **GRANTED in part**. Petitioner is hereby awarded a **total of $92,352.98**, representing $76,403.60 in attorneys' fees, and $15,949.38 in costs, **to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The Clerk of Court is directed to enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[5] Petitioner did not file an affidavit stating whether she personally incurred any costs in this matter. Based on the record, it is assumed petitioner incurred no such costs.

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).